**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                Case No. 13-15154
                                                Hon. Sean F. Cox

DERRICK DERRICO,

    Defendant,

and

MICHIGAN DEPARTMENT OF TREASURY,

    Garnishee.
_____/

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Set Aside Default Judgment/Garnishment [dkt. 13]. Plaintiff responded to the motion. Defendant failed to file a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motion is DENIED.

**II. BACKGROUND**

On December 18, 2013, the United States Government ("Plaintiff") filed a complaint against Defendant Derrick Derrico ("Defendant"), alleging Defendant owed $2,461.37 [dkt. 1].

On March 4, 2014, Plaintiff filed a motion for alternate service, indicating that service of process had been attempted but had not been provided to Defendant pursuant to Rule 5(b) of the Federal Rules of Civil Procedure and Michigan Court Rule 2.105 [dkt. 3]. Plaintiff requested that the Court allow alternative service of the summons and complaint at Defendant's last known address: 16216 Whitcomb Street, Detroit, Michigan 48235 (the "Whitcomb Address"). *See* Dkt. # 3, p. 1. Plaintiff submitted evidence that the Michigan Driver License Records and Wayne County Assessment Records indicated that the Whitcomb Address was Defendant's last known address. *See Id.* at Ex. C–D.

On March 6, 2014, the Court granted Plaintiff's motion for alternate service (the "Alternate Service Order") [dkt. 4]. In the Alternate Service Order, the Court instructed Plaintiff that service of process of the summons and complaint – along with a copy of the Alternate Service Order – could be made by any of the following methods: 1) First class mail sent to the Whitcomb Address; 2) Certified Mail with return receipt requested sent to the Whitcomb Address; and 3) Tacking or firmly affixing to the door at the Whitcomb Address. The Court additionally required that, for each method used, proof of service must be filed with the Court. On March 27, 2014, Plaintiff filed a certificate of service with the Court, indicating that copies of the summons, complaint and the Alternate Service Order had been posted on the door of the Whitcomb Address [dkt. 5].

On May 19, 2014, Plaintiff filed a request for clerk's entry of default [dkt. 6] and a request for clerk's entry of judgment by default with affidavit of sum certain [dkt. 7]. The same day the Clerk entered default and judgment by default [dkts. 8–9]. On June 6, 2014, Plaintiff submitted an application for writ of continuing garnishment [dkt. 10]. The same day, the Clerk entered a writ of continuing garnishment [dkt. 11]. On July 2, 2014, Plaintiff filed a certificate of

service, indicating Plaintiff had been served with the application for writ of garnishment, the Clerk's notice of garnishment, the writ of continuing garnishment and the request for hearing forms by first class mail sent to the Whitcomb Address [dkt. 12].

On July 23, 2014, Defendant filed the instant motion [dkt. 13]. In Defendant's one–page motion, he states that he received a "letter of intent to lien / and garnish my wages" on July 17, 2014. *See* Dkt. # 13, p. 1. Defendant argues that this letter was sent to the wrong address, "a home that I no longer reside in and I haven't lived in for over 10 years." *Id.* Defendant asserts that he did not know he had "a debt of this nature." *Id.* Defendant then asks that the default judgment and garnishment be set aside. Defendant also insists that the matter should be sent to his "local jurisdiction City of North Las Vegas, NV." *Id.* Defendant makes no request for a hearing, and does not include any further argument as to why the default judgment and continuing writ of garnishment should be set aside or why the venue should be changed.

Plaintiff asserts that Defendant's motion must be denied. Plaintiff first contends that it served Defendant pursuant to the Order for Alternate Service. Additionally, Plaintiff states that Defendant reached out to Plaintiff by telephone in early 2013 after Plaintiff sent a demand notice to the Whitcomb Address. *See* Dkt. # 14, p. 2 n.1. In this telephone conversation, Plaintiff contends Defendant stated he was living in California but refused to give Plaintiff his California address. *Id.* Additionally, Plaintiff alleges that Defendant stated the Whitcomb Address belonged to his grandmother and that a family member lived there. *Id.* Plaintiff argues therefore that service at the Whitcomb Address was both in line with the Court's Order for Alternate Service and provided actual notice to Defendant.

Additionally, Plaintiff insists the writ of continuing garnishment should not be set aside and a change of venue should not be granted. Plaintiff contends that this garnishment will have

3

no effect on Defendant's State of Michigan income tax refunds if he has truly lived in Nevada for the past 10 years. Further, Plaintiff asserts that Defendant has provided no valid objection to the garnishment, and has provided no evidence to support a change of venue. Accordingly, Plaintiff asserts the Court's default judgment and writ of continuing garnishment should not be set aside, and that venue should not be changed.

### III. LEGAL STANDARD

#### A. FEDERAL RULES OF CIVIL PROCEDURE 55(c) AND 60(b)

Rule 55(c) of the Federal Rules of Civil Procedure indicates that the Court may set aside a default judgment using the factors contained in Rule 60(b). The Sixth Circuit recently specified that Rule 55(c) "permits a court to set aside a default or default judgment for good cause, versus the application of Rule 60(b), which grants relief from final judgments." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–9 (6th Cir. 2011). In *Dassault*, the Sixth Circuit also provided that, "[u]nder either [Rule 55(c) or Rule 60(b)], our review invokes the well-established factors set forth in *United Coin Meter Co. v. Seaboard Coastline Railroad*, which assess whether[:]

1) the default was willful,
2) a set-aside would prejudice plaintiff, and
3) the alleged defense was meritorious."

(the "*United Coin* factors") *Id*. (internal citations omitted). The Sixth Circuit noted that "[a]lthough the [*United Coin* factors] are the same [under either rule], the standard for applying them to a motion to set aside a final default judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c)." *Id.*, citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003).

Rule 60(b) outlines the grounds parties may rely upon in seeking relief from a final default judgment. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Sixth Circuit has held that relief under Rule 60(b) "is circumscribed by public policy favoring finality of judgment and termination of litigation." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal citations omitted); *see also Dassault* 663 F.3d at 839 (6th Cir. 2011). Additionally, the party seeking such relief from a final judgment "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc.* 538 F.3d at 454 (internal citations omitted).

B.  **RULE 64 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Rule 64 of the Federal Rules of Civil Procedure covers the seizing of property. According to Rule 64, "every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." FRCP 64(a). Michigan Court Rule 3.101 governs garnishment after judgment. According to MCR 3.101(K), objections to garnishment must be based on one or more of the following:

      a) The funds or property are exempt from garnishment by law;

      b) Garnishment is precluded by the pendency of bankruptcy proceedings;

      c) Garnishment is barred by an installment payment order;

      d) Garnishment is precluded because the maximum amount permitted by law is being withheld pursuant to a higher priority garnishment or order;

      e) The judgment has been paid; [or]

      f) The garnishment was not properly issued or is otherwise invalid.

Further, MCR 3.101(K) indicates that objections to a garnishment "may only be based on defects in or the invalidity of the garnishment proceeding itself, and may not be used to challenge the validity of the judgment previously entered."

### C. CHANGE OF VENUE

28 U.S.C. § 1404 ("§1404") and 28 U.S.C. § 1406 ("§1406") govern requests for change of venue. Section 1404 indicates that a district court may transfer any civil action to any other district or division where the action may have been brought or to a district or division to which all parties have consented "in the interest of justice." Section 1406 provides that a district court may dismiss or transfer a case that was filed in the wrong division to any district or division in which it could have been brought. The Supreme Court has long held that "[a] defendant, properly served with process by a court having subject matter jurisdiction, waives [an objection to] venue by failing seasonably to assert it, or even simply by making default." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

### IV. ANALYSIS

Applying the standard of review delineated above, the Court finds that Defendant has failed to establish by clear and convincing evidence that the default judgment or the writ of continuing garnishment should be set aside, or that a change of venue is proper. Each is addressed in turn.

A. <u>The Entry of Default Should Not be Set Aside</u>

Using the *United Coin* and Rule 60(b) factors, the Court finds that the default judgment in this matter should not be set aside. Plaintiff provides evidence that Defendant's default may have been willful: according to Plaintiff, Defendant contacted Plaintiff in 2013 after Plaintiff sent a correspondence to the Whitcomb Address – the same address Defendant now claims is "wrong." Plaintiff also indicates that Defendant refused to provide his address to Plaintiff in 2013 when asked to do so. Although Defendant was given ample time to reply to Plaintiff's response, Defendant never provides the Court with any information to contradict or clarify this accusation. Further, Defendant's current motion is the result of receiving a writ of continuing garnishment that was sent to the Whitcomb Address. Accordingly, the Court finds that: a) Plaintiff complied with the Court's Order for Alternate Service; and b) Defendant was provided with adequate service as defined under Rule 5(b) of the Federal Rules of Civil Procedure and Michigan Court Rule 2.105.

Additionally, Plaintiff indicates that it would be prejudiced should the order for default judgment be set aside: Plaintiff would be prejudiced if it were forced to restart litigation absent any attempt from Defendant to present grounds for such action. Defendant also never contends that he does not owe the amount in question; indeed, Defendant fails to offer any information to suggest that he could provide a meritorious defense. Finally, Defendant does not provide any evidence to suggest any of the first five factors in Rule 60(b) have been satisfied. In short, Defendant fails to provide any "reason that justifies relief." *See* FRCP 60(b)6.

Accordingly, the Court finds that all three of the *United Coin* factors and all six of the Rule 60(b) factors favor not setting aside the default judgment in this matter.

B. <u>The Continuing Writ of Garnishment Should Not be Set Aside</u>

Defendant's request to set aside the continuing writ of garnishment is also fatally flawed. Although Defendant requests that such action be taken, he provides no rationale to support such a demand. As the Court established above, Plaintiff complied with the Court's Order for Alternate Service. Further, the Court finds that Defendant received adequate notice of the action Plaintiff commenced against him. Additionally, Defendant fails to raise any of the objections contained in MCR 3.101(K) listed above. In fact, Defendant makes no attempt to differentiate his requests for setting aside the default judgment and for setting aside the continuing writ of garnishment. MCR 3.101(K) clearly states that any objection to the garnishment of wages must be made against the garnishment proceedings itself, and should not be a challenge to the validity of the original judgment. The Court finds that Defendant's request fails to make this crucial distinction.

Accordingly, the Court will not set aside the continuing writ of garnishment.

C. <u>Defendant Waived Any Objection he had to Venue</u>

The Court has discretion in determining whether a change of venue is required. As delineated above, however, the ability to request a change in venue may be waived by a party should that party fail to make a timely request. Indeed, the Supreme Court determined that default constitutes waiver of a party's right to request a change in venue. *See Hoffman*, 363 U.S. at 343. The Court finds that the default judgment in this matter constitutes waiver by Defendant of his ability to request a change in venue.

Accordingly, the Court finds that a change in venue should not be granted.

## V. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Default Judgment/Garnishment [dkt. 13] is DENIED.

   IT IS FURTHER ORDERED that Defendant's request for a change of venue is DENIED.

   IT IS SO ORDERED.

Dated:  February 23, 2015           s/ Sean F. Cox
                     Sean F. Cox
                     United States District Judge


I hereby certify that on February 23, 2015, the document above was served on counsel of record via electronic means and upon Derrick Derrico via First Class Mail at the address below:

Derrick Derrico
5892 Losee Road
Suite 132-313
North Las Vegas, NV 89081

                    s/ Jennifer McCoy
                    Case Manager